**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

DEBRA KENT,

          Plaintiff,

v.

WINCHESTER HOSPITAL,

          Defendant.

Civil Action No. 1:17-cv-10547-RGS

**CONFIDENTIALITY STIPULATION**
**AND PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY STIPULATED AND AGREED TO by the undersigned counsel for Plaintiff and Defendant that the following provisions shall govern the disclosure and use of all documents, testimony, and other information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that is produced or given by any Party in the course of discovery in this action.

ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED TO that:

        1.      "Party" or "Parties," as used herein, means Plaintiff Debra Kent and Defendant Winchester Hospital, as represented by their respective counsel.

        2.      The term "Information," as used herein, shall include any document, testimony, electronic data, interrogatory response, response to requests for admissions, or other information disclosed or produced by or on behalf of a Party (or any of his or its attorneys or other agents) or by or on behalf of a third party from whom discovery is sought, and all documents incorporating such information.

3.      "Confidential Information," as used herein, means all personal, medical, personnel, employee, proprietary, financial, business or other commercially sensitive information, whether documentary or otherwise, designated as "Confidential" and delivered or produced by any Party or third-party witness in response to a request for production of documents, subpoena, or otherwise. The designation of Information as "Confidential Information" shall be applied only to Information that the Party or third party producing or providing the Information (a) has a good faith interest in preserving as confidential, or (b) has a legal responsibility to another person or entity to preserve the private, confidential, or proprietary nature of the Information. Any Information that is readily available or generally known to the public shall not be considered or designated as "Confidential Information."

4.      "Confidential – Attorney's Eyes Only," as used herein, means all highly confidential, proprietary, or personal Information that may require special handling in addition to the procedures required for handling "Confidential Information." It is the intent of the Parties that the "Confidential –Attorney Eyes Only" designation shall be reserved for Information that is highly personal or highly proprietary, technical or business information relating to present or planned activities of the designating Party or third party that has been and is being maintained in confidence by the designating Party or third party. If only a portion of a document, an interrogatory response, or deposition testimony contains information that is properly designated as "Confidential – Attorneys' Eyes Only," then the designating Party shall clearly designate which portion(s) of the document, interrogatory response, or deposition testimony contains information that is to be treated as "Confidential – Attorneys' Eyes Only."

5.      To the extent that documents are designated "Confidential – Attorneys' Eyes Only," counsel may nonetheless disclose the documents to the Parties with the "Confidential –

Attorneys' Eyes Only" portion(s) of the document redacted. In the event that counsel intend to disclose such redacted documents to the Parties, they shall provide the proposed redacted documents to the designating Party for its review. The designating Party shall, within five (5) business days of the actual receipt of the proposed redacted document, communicate its agreement that the redacted version of the document may be disclosed to the Parties, or it may provide an alternate redacted version of the document that it agrees may be disclosed to the Parties.

6.     All Information produced in this action, whether or not designated as "Confidential" or "Confidential – Attorneys' Eyes Only," shall be used by the Party receiving such information solely in connection with this litigation.

7.     Except with the prior consent of the designating Party or upon prior order of the Court, Information designated as "Confidential" shall not be disclosed by any Party to any person other than the following:

(a)     counsel of record for the Parties in this litigation, the Parties' in-house attorneys, and the paralegals, secretaries, legal assistants, and other similar support personnel of the Parties or their counsel of record, as reasonably necessary to assist the Parties' counsel of record and in-house attorneys in this litigation;

(b)     outside experts, consultants, and litigation support vendors who are not employees of any Party and who are expressly retained to assist counsel of record for the Parties and the employees of such persons;

(c)     the Court, Court personnel, and jurors;

(d)     court reporters and videographers who are retained to transcribe or videotape testimony in this action;

(e)     the Parties and their officers, solely for the purpose of prosecuting, defending, or appealing the action;

(f)     any deponent in this action;

(g)     actual or potential witnesses in this action;

(h)     the Parties' insurers and the insurers' counsel; and

(i)     mediators or other persons engaged in alternative dispute resolution who shall be advised of, and shall agree to, the confidentiality requirements hereof in advance of being provided with any Information designated as "Confidential."

8.     Except with the prior consent of the designating Party or upon prior order of this Court, Information designated as "Confidential – Attorneys' Eyes Only" shall be disclosed solely to the following persons:

(a)     the Court, Court personnel, and jurors;

(b)     counsel of record for the Parties in this litigation, the Parties' in-house attorneys, and the paralegals, secretaries, legal assistants, and other similar support personnel of the Parties or their counsel of record, as reasonably necessary to assist the Parties' counsel of record and in-house attorneys in this litigation;

(c)     outside experts, consultants, and/or litigation support vendors who are not employees of any Party and who are expressly retained to assist counsel of record for the Parties and the employees of such persons;

(d)     court reporters and videographers who are retained to transcribe or videotape testimony in this action;

(e)     a deponent in this action (provided that the deponent is not a Party or the employee of a Party to the action);

(f)     actual or potential witnesses (provided that the witness is not a Party or the employee of a Party to the action); and

(g)     mediators or other persons engaged in alternative dispute resolution who shall be advised of and shall agree to the confidentiality requirements hereof in advance of being provided with any Information designated as "Confidential – Attorneys' Eyes Only."

9.     Any person entitled to receive Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to Paragraph 7, subpart (b) and paragraph 8 subpart (c), shall, prior to receiving such Information, read this Protective Order, and shall execute the Acknowledgement and Agreement in the form annexed hereto as Exhibit A, indicating that he or she has read this Protective Order and will abide by its terms. Such sworn statement(s) shall be retained by counsel disclosing the Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only." The Court and the opposing counsel may, upon request, inspect the Acknowledgements and Agreements.

10.     If Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all Parties and, without prejudice to other rights and remedies of any Party, shall make a reasonable, good-faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such Information.

11.     Any Party may designate the appropriate portions of any deposition transcript or videotaped deposition transcript (including exhibits) as containing Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by so advising the deposition reporter

in the course of the deposition and indicating in the deposition transcript and on the videotape

what portions of the testimony (or exhibits thereto) were so designated, or by so advising all

other parties of the pages which are designated as "Confidential" or "Confidential – Attorneys'

Eyes Only" within thirty (30) days after receipt of the transcript by the designating Party. Until

thirty (30) days have passed after the receipt of any transcript, the entire transcript and videotape

shall be deemed to contain "Confidential Information"

      12.      Receipt without objection by a Party of Information designated as "Confidential"

or "Confidential – Attorneys' Eyes Only" shall not constitute an admission or agreement that

such Information has been appropriately designated as such. If a Party elects to object to a

designation of Information as "Confidential" or "Confidential – Attorneys' Eyes Only", or to

dispute the limitations on access to be accorded such Information under this Protective Order,

such Party shall provide to the designating Party written notice of its disagreement and shall

specifically identify the Information in dispute. If, despite a good-faith effort, the dispute cannot

be resolved informally by the Parties, the Party contesting the designation or restriction on access

may seek relief from the Court in accordance with the Federal Rules of Civil Procedure and the

Local Rules of the United States District Court for the District of Massachusetts. The Party

asserting the designation of the Information as "Confidential" or "Confidential – Attorneys' Eyes

Only" shall bear the burden of demonstrating that the Information is entitled to protection from

disclosure under applicable law. Pending the Court's ruling, the Party contesting the designation

shall continue to treat the Information in the manner required by Protective Order. A Party's

failure to object to the designation of any Information as "Confidential" or "Confidential –

Attorneys' Eyes Only" shall not constitute an admission or agreement that the Information is, or

in fact contains, "Confidential Information." Any objection to the designation of Information as

"Confidential" or "Confidential – Attorneys' Eyes Only" shall be deemed waived if the non-designating party makes use of the Information in the litigation but then does not object to the designation in accordance with the above procedure within ten (10) business days of such use, provided, however, that any such waiver shall not affect the designating Party's burden of establishing that the Information is confidential and entitled to protection from disclosure under applicable law.

13.     Inadvertent failure to designate Information as "Confidential" or "Confidential – Attorneys' Eyes Only" at the time of production pursuant to this Order may be remedied by supplemental written notice given by the designating Party. Upon receipt of such notification, all documents, materials, or testimony so designated or re-designated shall be fully subject to this Order as if they had been initially so designated; provided, however, that the receiving Party shall incur no liability for any previous treatment of such Information in conformance with its original designation.

14.     If counsel for any Party files or submits to the Court any Information designated "Confidential" or "Confidential – Attorneys' Eyes Only," the filing shall be accompanied by a motion to impound under Local Rule 7.2.

15.     All provisions of this Order restricting the use of Information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the Parties agree otherwise in writing. Any and all originals and copies of documents or other Information produced by the Parties to this Stipulation shall, at the request of the designating Party, be returned to the designating Party or destroyed at the designating Party's expense, within one (1) month after a final judgment has been entered in this action and the time for appeals has expired, except that counsel for each

Party may maintain in its files copies of each pleading and litigation document filed with the Court, and each written discovery request and written response thereto. Nothing in this paragraph shall require any Party to destroy attorney work product or attorney-client communications that contain or reflect Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only."

16.     Neither this Order nor any Party's designation of Information as "Confidential" or "Confidential – Attorneys' Eyes Only" shall affect the admissibility in evidence of the Information so designated.

17.     Nothing in this Stipulation and Protective Order is intended to constitute an agreement regarding the scope of discovery.

WHEREFORE, good cause appearing therefore, the foregoing stipulation of the Parties in this matter, as evidenced by the signatures of counsel of record appearing below, is hereby ordered.

DATE: /2-/2-/7.

_____
United States District Court Judge

8

THE ABOVE TERMS AND CONDITIONS ARE HEREBY STIPULATED AND

AGREED TO by the respective undersigned counsel for the parties in the above-captioned

action, subject to the approval of the Court:

DEBRA KENT,                                    WINCHESTER HOSPITAL,

By her attorney,                               By its attorneys,


/s/ Suzanne L. Herold                          /s/ Francesco A. DeLuca
Suzanne L. Herold (BBO #675808)                Rachel Reingold Mandel (BBO #660495)
HEROLD LAW GROUP, P.C.                          Francesco A. DeLuca (BBO #692138)
50 Terminal Street                             OGLETREE, DEAKINS, NASH,
Building 2, Suite 716                          SMOAK & STEWART, P.C.
Charlestown, MA 02129                          One Boston Place, Suite 3500
Tel:  617.944.1325                             Boston, MA  02108
Fax: 617.398.2730                              Tel:  617.994.5700
suzie@heroldlawgroup.com                       Fax:  617.994.5701
                                               rachel.mandel@ogletreedeakins.com
                                               francesco.deluca@ogletreedeakins.com


Dated: December 11, 2017

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DEBRA KENT,

          Plaintiff,

v.

WINCHESTER HOSPITAL,

          Defendant.

Civil Action No. 1:17-cv-10547-RGS

## EXHIBIT A TO CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER - ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, hereby acknowledge receipt of a copy of the Confidentiality Stipulation and [Proposed] Protective Order (the "Protective Order") entered in the action known as *Debra Kent v. Winchester Hospital*, Civil Action No. 1:17-cv-10547-RGS (United States District Court for the District of Massachusetts (the "Court")), and further acknowledge that I have read and understand the terms of the Protective Order, that I agree to be bound by the Protective Order (including, but not limited to, the confidentiality provisions and the provisions regarding the return of Confidential Information), and that I consent to the jurisdiction of the Court for enforcement of the same. I further acknowledge and understand that any unauthorized disclosure of Confidential Information or refusal to return materials designated as Confidential may subject me to contempt of Court.

By: _____

Name [Printed]: _____

Date: _____

31810151.1